IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LILA HARRIS,[1] | § | |
| | § | No. 59, 2016 |
| Respondent Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | |
| SCOTT A. PRICE, | § | File No. 13-03-11TN |
| | § | Pet. No. 13-08599 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: May 17, 2016
Decided: July 7, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 7th day of July 2016, it appears to the Court that:

(1) The appellant, Lila Harris ("Mother"), has appealed the Family Court's order dated January 27, 2016, terminating her parental rights in her daughters born in 2004 and 2008 (collectively, the "Children"). The petition to terminate parental rights ("TPR") was filed by the Children's father, Scott A. Price ("Father"), and was based on Mother's alleged abandonment of the Children.

---

[1] By Order dated February 8, 2016, the Court assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

(2) Mother opposed the TPR petition and was granted counsel at State expense to represent her in the proceedings. The Family Court also appointed a guardian *ad litem* to represent the best interests of the Children.[2]

(3) Mother's appellate counsel ("Counsel") has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26.1(c).[3] Counsel states that after making a complete and careful review of the Family Court record, she could find no meritorious issues to raise on appeal. The brief includes an arguably appealable issue for the Court's consideration.

(4) Counsel provided Mother with a copy of the no-merit brief and the motion to withdraw and informed Mother that she had a right to supplement the brief and to file a response to the motion. Mother did not supplement the brief with additional issues for the Court's consideration and did not respond to the motion to withdraw. In response to Counsel's submission, Father has moved to affirm the Family Court's judgment.

(5) When considering a TPR petition, the Family Court first must determine whether there is a statutory basis for termination.[4] If the court finds a statutory basis for termination, the court then must determine whether termination

---

[2] The guardian *ad litem* participated in the proceedings but did not take a position on the TPR petition. Also, the guardian *ad litem* did not participate in this appeal.

[3] Mother was represented by different counsel in the Family Court.

[4] *See* 13 *Del. C.* § 1103 (governing grounds for termination of parental rights). *Shepherd v. Clemens*, 752 A.2d 533, 537 (Del. 2000).

2

of parental rights is in the best interest of the child.[5]  Also, in this case, because Father was not remarried and was not seeking termination for the purpose of adoption, the court was required to determine whether continuing Mother's parental rights would be harmful to the Children.[6]  The burden was on Father to prove all of the required elements by clear and convincing evidence.[7]

(6)    The record reflects that the parties entered into a written stipulation in March 2014 under which they agreed, first, that Mother's abandonment of the Children provided a statutory basis for termination[8] and second, that they would provide the Children with a therapist who would make a recommendation on whether future contact with Mother would be in the best interest of the Children or whether such contact would be harmful to the Children.  After some initial difficulties, which delayed the process, Father found a therapist who was willing to work with the Children and provide a recommendation.  The therapist had eighteen sessions with the Children, beginning in March 2015.  The therapist also met with Mother individually one time and with Mother and Father jointly one time.

(7)    The parties appeared at a hearing on the TPR petition on September 23, 2015.  During the course of the hearing, the Family Court admitted

---

[5] *Id.  See* 13 *Del. C*. § 722(a)(1)-(8) (listing best interest factors).
[6] § 1103(b) ("Unless adoption is contemplated, the termination of 1 parent's rights shall not be granted if the effect will be to leave only 1 parent holding parental rights, unless the Court shall find the continuation of the rights to be terminated will be harmful to the child.").
[7] *In re Stevens*, 652 A.2d 18, 23 (Del. 1995).
[8] § 1103(a)(2)b.

3

documentary evidence and heard testimony from the parties, the therapist, and a social worker who conducted a home study and prepared a social report.

(8)     The therapist recounted her sessions with the Children as well as her individual session with Mother and joint session with Mother and Father. The therapist testified that Mother did not ask any questions about the Children's well-being, which the therapist found concerning, and that Mother became defensive at times, which suggested to the therapist that Mother had unresolved issues possibly related to her ongoing recovery from drug addiction. The therapist testified that she believed that any contact with Mother, even in a therapeutic setting, would not be good for the Children because the Children had effectively grieved the loss of their mother and were doing very well. The therapist advised against the Children having contact with Mother for the foreseeable future, and she advised that it would be especially harmful for the Children if Mother was to reenter their lives and then leave them again.

(9)     Mother testified that she has "a very aggressive drug addiction"[9] as well as issues with mental illness, but that she was in recovery and receiving effective mental health treatment. Mother told the court that she currently was in a methadone program, and that she was being treated by a psychiatrist and was taking medications for bipolar disorder and PTSD. Mother testified that she had a

---

[9] Hr'g Tr. at 185 (Sept. 23, 2015).

baby in 2012, and that she was living in a stable household with the child, the child's father to whom she was engaged, and her fiancé's mother. Mother told the court that she was willing to work within the therapeutic setting to establish contact with the Children.

(10) At the conclusion of the evidentiary hearing, the Family Court took the matter under advisement. In a twenty-two page "amended order" dated January 27, 2016, the court granted the TPR petition and terminated Mother's parental rights.[10] The court found, based on clear and convincing evidence, that terminating Mother's parental rights was in the best interest of the Children and that continuing parental rights would be harmful to the Children. This appeal followed.

(11) When reviewing a decision on a TPR petition, the Court is required to consider the facts and the law as well as the inferences and deductions made by the Family Court.[11] To the extent rulings of law are implicated, our review is *de novo*.[12] To the extent issues implicate rulings of fact, we conduct a limited review of the Family Court's factual findings to assure they are sufficiently supported by

---

[10] The order, which originally issued on November 19, 2015, was reissued as an amended order on January 27, 2016 when it became apparent that Mother's counsel did not receive the original order in a timely fashion.
[11] *Wilson v. Div. of Family Serv.*, 988 A.2d 435, 439-40 (Del. 2010) (citing cases).
[12] *Id.* at 440.

the record and are not clearly wrong.[13] This Court will not disturb inferences and deductions that are supported by the record and the product of an orderly and logical deductive process.[14] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[15]

(12) The Court has considered the arguably appealable issue identified by Counsel—that the Family Court placed too much emphasis on the therapist's testimony and not enough emphasis on Mother's testimony when considering whether to terminate Mother's parental rights. The issue is without merit. It was within the court's discretion, when weighing the evidence, to give more weight to the therapist's testimony than to Mother's testimony.

(13) After carefully considering the parties' submissions on appeal and the Family Court record, including the transcript of the TPR hearing, the Court has concluded that the judgment of the Family Court should be affirmed. There is clear and convincing evidence in the record supporting the court's termination of Mother's parental rights. From the court's thorough and thoughtful decision of January 27, 2016, it is apparent that the court carefully considered all of the evidence, made the required factual findings on the basis of clear and convincing evidence, and applied the correct legal standard when making the difficult decision

---

[13] *Id.*
[14] *Id.*
[15] *Id.*

6

to terminate Mother's parental rights. This Court can discern no abuse of discretion in the factual findings and no error in the court's application of the law to the facts. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED. Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice